UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| VICTOR PENA, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 11-CV-349-KSF |
| ) | |
| v. ) | |
| ) | |
| WARDEN RICHARD B. IVES, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Victor Pena is an inmate confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky. Proceeding without counsel, Pena has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court has reviewed the petition,[1] but must deny relief because under the circumstances presented, Pena may not pursue his claims in a § 2241 habeas corpus proceeding.

**BACKGROUND**

On March 3, 1999, a federal jury in Texas convicted Pena of racketeering and racketeering conspiracy, in violation of 18 U.S.C. § 1962(c) and (d). On July 8, 1999, Pena was sentenced to life

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

imprisonment. The Fifth Circuit Court of Appeals affirmed Pena's conviction and sentence on direct appeal. In March 2004, Pena filed a motion in the trial court to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied that motion, several other motions Pena filed seeking post-judgment relief, and Pena's motion for a certificate of appealability. *United States v. Pena*, No. 5:98-CR-265-FB-12 (W.D. Tex. 1998).

In his § 2241 petition, Pena alleges that the federal Probation Office in Texas submitted a pre-sentence investigation report containing false information about his criminal history, and that the trial court improperly accepted the recommendations in the report and incorrectly enhanced his sentence under the federal sentencing guidelines, which he notes are now advisory and no longer mandatory, pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Pena further alleges that at trial he was denied his Sixth Amendment right to confront witnesses; that the fine and/or restitution amounts he was ordered to pay as part of his criminal judgment were unconstitutional; that his conviction was defective for lack of subject matter jurisdiction; and that he is actually innocent of the offenses of which he was convicted.

## DISCUSSION

Pena is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Pena is instead directly challenging the validity of his conviction and sentence. Section 2255(a) provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction or sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). It is the mechanism for collaterally challenging errors that occurred "at or prior to

sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018, at * 6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) does permit a defendant to challenge a conviction or sentence in a habeas petition filed pursuant to 28 U.S.C. § 2241, but only if the remedy provided by Section 2255(a) is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). Review under § 2241 is not available "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." 28 U.S.C. § 2255(e). The petitioner must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003). A petitioner asserting a claim under § 2241 must also allege and prove that he is "actually innocent." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin*, 319 F.3d at 804; *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *Charles*, 180 F.3d at 757.

A defendant may pursue a claim of "actual innocence" under 2255(e) where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012); *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003) ("The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).").

Pena cannot make such a showing as to his claims, which challenge events or rulings which occurred during his trial or sentencing. Pena could and should have asserted his claims during the

3

trial, on direct appeal, or by motion under § 2255. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied ... or because the petitioner is procedurally barred from pursuing relief under § 2255 ... or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (internal citations omitted); *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758.

To the extent that Pena challenges the manner in which his sentence was calculated or other aspects of his sentence, such as restitution or fine obligations imposed against him, his claim cannot be reviewed because allegations of sentencing error may not serve as the basis of an actual innocence claim for purposes of the savings clause. *Thornton v. Ives*, No. 12-5051, at p. 3 (6th Cir. Sept. 11, 2012) (unpublished) (citing *Bannerman*, 325 F.3d at 724; *Peterman*, 249 F.3d at 462; and *Kellogg v. Snyder*, 48 F. App'x 114, 115-16 (6th Cir. 2002)). Thus, Pena has not established that his remedy under § 2255 was inadequate or ineffective to challenge either his conviction or his sentence. In addition, while Pena repeatedly emphasizes that after *Booker* the federal sentencing guidelines are only advisory [R. 1, pp. 7, 10-11], *Booker* does not assist him because it does not apply retroactively to cases on collateral appeal. *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *Hicks v. United States*, 258 F. App'x 850, 854 (6th Cir. 2007).

Pena also filed a number of supplements to his petition, each containing a citation to a recent Supreme Court case which, presumably, he believes supports his claims. [R. 9, 13, 14, and 16] However, apart from Pena's mere citation to the case and a bare statement that it supports his claim, he provides no factual details nor any legal argument to explain how this is so. The Court has an

obligation to liberally construe documents filed by a person proceeding without counsel, but it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."); *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F. Supp. 2d 140, 148 (D. Mass. 2003) ("While the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged.") These supplements therefore fail to adequately present additional grounds for relief. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (applying minimum pleading standard of *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) to initial screening of habeas petition filed under Section 2241).

In addition, all but one of these cases involved constitutional questions under the Sixth and Seventh Amendment, none of which has been held to constitute a new rule of law made retroactively applicable to cases on collateral review or which interpreted the terms of the racketeering statute Pena was convicted under in such a way as to demonstrate that his conduct did not violate the statute. *Wooten*, 677 F.3d at 307. The only case cited which even involved a matter of statutory interpretation is *United States v. Santos*, 553 U.S. 507 (2008), which held that the term "proceeds" must be interpreted to mean "profits" when applied to the money laundering statute, 18 U.S.C. § 1956, in order to avoid a merger problem. This holding does not apply to other offenses unless the "predicate offense creates a merger problem that leads to a radical increase in the statutory maximum sentence and ... nothing in the legislative history suggests that Congress intended such an increase." *United States v. Crosgrove*, 637 F.3d 646, 654-55 (6th Cir. 2011). Here, Pena was convicted of racketeering and racketeering conspiracy under 18 U.S.C. § 1962 (c) and (d), but not money

laundering. *Santos* has been held inapplicable where the maximum punishment for other offenses of conviction exceed that for money laundering, precluding the merger problem about which the *Santos* plurality was concerned. *United States v. Skinner*, 2012 WL 3289801, at *8 (6th Cir. Aug. 14, 2012); *United States v. Whaley*, 2012 WL 1193352, at *16 (E.D. Tenn. March 5, 2012).

For these reasons, the Court must deny Pena's habeas petition because he may not pursue his claims in a § 2241 proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Victor Pena's fourth motion to supplement his 28 U.S.C. § 2241 petition for writ of habeas corpus [R. 16] is **GRANTED**.

2. Pena's petition for a writ of habeas corpus [R. 1] is **DENIED**.

3. The Court will enter an appropriate judgment.

This September 18, 2012.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**